IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------    :
JOSHUA A. NYE, et al.                                      :   CASE NO.  1:02 CV 1528
                                                          :
                                  Plaintiffs               :
                                                          :   <u>MEMORANDUM OF OPINION AND</u>
                        -vs-                               :   <u>ORDER</u>
                                                          :
                                                          :
CSX TRANSPORTATION, INC., et al.                          :
                                                          :
                                  Defendants               :
------------------------------------------------------    :

UNITED STATES DISTRICT JUDGE LESLEY WELLS

     This case involved a personal injury lawsuit by plaintiffs Joshua Nye and Judy

Ramirez (collectively referred to as the "Nyes") against defendant CSX Transportation, Inc.

("CSXT") concerning injuries which arose out of a car-train collision in Wood County, Ohio

on 2 July 2000.  In their amended complaint, the Nyes sued CSXT for negligently causing

Mr. Nye's injuries (Count I), for punitive damages (Count II), for Ms. Ramirez's loss of

consortium (Count III), and for spoliation of evidence (Count IV).  (Docket #123).  On 23

December 2004, this Court granted CSXT's motion for summary judgment and entered

judgment in its favor on all counts.  (Docket #144 and #145).  The Nyes filed a notice of

appeal on 21 January 2005.  (Docket #146).

     Currently before this Court is CSXT's Bill of Costs for $7,920.50, filed pursuant to

Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920.  (Docket #147).  In its itemized Bill of Costs,

CSXT seeks reimbursement for court filing fees ($150), costs of service ($136.58), costs associated with the duplication of deposition transcripts ($6,048.05), copying costs ($1,363.02), witness fees and mileage ($53.00), and expenses connected with obtaining Judy Ramirez's medical records ($169.85).  (Docket #147, Carnes Aff. at ¶¶ 3-8).  In response, the Nyes filed an opposition brief asking this Court to deny CSXT's Bill of Costs in its entirety as premature or inequitable, or in the alternative, to disallow copying costs, costs for certain deposition transcripts, and fees associated with the medical records. (Docket #150, at 5-9).  On 27 January 2004, CSXT filed its reply in support of its Bill of Costs.  (Docket #151).

## I. TAXATION OF COSTS TO THE PREVAILING PARTY

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."[1]  Rule 54(d)(1) creates a presumption in favor of an award of costs. White & White, Inc. v. American Hosp. Supply Corp., 786 F.2d 728, 730 (6th Cir. 1986). The costs recoverable under Rule 54(d) are defined in 28 U.S.C. § 1920. Crawford Fitting Co. v. J.T. Gibbons, 482 U.S. 437, 441-42 (1987) (Section 1920 "enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)").  Section 1920 provides that, among other things, a judge may tax the following

---

[1]  Although Rule 54(d)(1) refers to the taxation of costs by the clerk, "the district court has the inherent and statutory authority to act on motions related to costs prior to any action by the clerk."  BDT Products, Inc. v. Lexmark Int'l Inc., __ F.3d __, 2005 WL 901055, *2 (6th Cir. Apr. 20, 2005).

2

costs:

> (1) Fees of the clerk and marshal;

> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

> (3) Fees and disbursements for printing and witnesses;

> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

> * * *

28 U.S.C. § 1920.

## II. DISCUSSION

As the Nyes argue both that CSXT's Bill of Costs should be denied outright and, in the alternative, that it is not entitled to recover certain costs, this Court first considers their general objections and then turns to their specific ones.

**A.     General Objections**

The Nyes contend that CSXT's Bill of Costs should be denied in its entirety because it is premature and because taxing costs to the Nyes would be inequitable. Noting that they have appealed this Court's summary judgment decision, the Nyes argue that this Court should adopt the "prudent approach . . . of the United States District Court for the Southern District of Ohio" and postpone "any cost analysis until such time as the appeals are exhausted."  As such a procedure has not been adopted by the Northern District of Ohio and is not otherwise provided for by federal law, this Court declines the Nyes' invitation to implement such a procedure on its own.

3

The Nyes also assert that any taxation of costs would be inequitable because CSXT has failed to demonstrate the necessity or reasonableness of its request, because of CSXT's purported bad faith in discovery which unnecessarily prolonged the proceedings, because the Nyes' claims were meritorious and "this was a factually and legally close and difficult case," and because taxation of costs would have "a significant chilling effect on future parties that are injured at railroad crossings." (Docket #150, at 3-4). It is true that this Court may, in the exercise of its discretion under Rule 54, deny costs to a prevailing party when "it would be inequitable under all the circumstances in [the] case to put the burden of costs upon the losing party." White & White, 786 F.2d at 730. None of plaintiffs' arguments persuade this Court that the assessment of costs would be inequitable in this case.

Although the litigation of this case was protracted, plaintiffs bear significant responsibility for that fact. Without going over the entire case, it is worth noting that it was significantly prolonged as the plaintiffs continuously injected new issues into the dispute. For instance, after the entire case was litigated on the presumption that the identity of the train involved in the collision was not disputed, plaintiffs suggested, for the first time, in a supplemental opposition brief to defendants' motion for summary judgment that it was impossible to determine which train was actually involved. (Docket #104, at 5 n.7). Similarly, after CSXT's motion for summary judgment had been fully briefed, plaintiff requested leave to file an amended complaint to add an additional claim for relief. (Docket #108). Both these issues were extensively briefed and significantly prolonged the

4

proceedings.  Moreover, although this case involved numerous discovery disputes, the parties' inability to handle discovery without the Court's intervention was not due to one side's intransigence or conduct.

While it may be inequitable to tax costs in "close and difficult cases," White & White, 786 F.2d at 730, this was not such a case.  After an exhaustive consideration of plaintiffs' numerous theories of relief, this Court found that some of its theories were clearly preempted by federal law and found, as to the others, that "no reasonable jury could conclude that CSXT's conduct contributed to, let alone caused, this accident" and that plaintiffs' spoliation claims failed as a matter of law.  (Docket #144, at 10 and 12).  In granting summary judgment to CSXT on all four of plaintiffs' claims, this Court was not faced with the "close and difficult" question which would make the taxing of costs inequitable.  Given that this was not a close and difficult case, this Court is not persuaded by the Nyes' cursory "chilling effect" argument that the taxation of costs in this case will dissuade future plaintiffs injured at railroad crossings from asserting claims against the railroads.  Such an argument, if taken to its logical extension, would undermine the presumption in favor of awarding costs to the prevailing party.

Finally, the Nyes' contentions regarding the necessity or reasonableness of particular costs will be addressed in conjunction with their specific objections.

**B.**     **Specific Objections**

Having determined that an award of costs would not be premature or inequitable, this Court next considers the various items that CSXT seeks to recover.

5

    1.    <u>No objections</u>

Plaintiff does not specifically object to CSXT's request for court filing fees, costs of service, witness fees and mileage.  As such costs are reasonable and permitted under Section 1920, this Court finds CSXT is entitled to recover them, for a total of $339.58.

    2.    <u>Copying Costs</u>

The costs of duplicating documents necessarily obtained for use in the case are taxable pursuant to Section 1920(4).  <u>See</u> <u>BDT Products</u>, 2005 WL 901055 at *4. Plaintiffs do not disagree that such costs are generally recoverable.  However, they argue that CSXT's requests for copy costs should be denied because "it fails to give any explanation for the costs or show any necessity of the copies for 'use in this case.'" (Docket #150, at 5).  Plaintiffs seem to suggest that CSXT cannot recover copy costs unless they can establish for each and every copy made how it was necessary for this case.  Such an unwieldy burden is not required by the statute or the case law.  CSXT has submitted an affidavit and supporting documentation establishing that the copying costs were necessarily incurred in this case.  In light of the voluminous filings and significant discovery involved in this case, CSXT's copying costs of $1,363.02 are not excessive. This Court is satisfied that such costs were necessary to CSXT's defense in this case.

    3.    <u>Deposition Transcripts</u>

Section 1920(2) authorizes the recovery of costs incurred for court reporter fees and deposition transcripts "necessarily obtained for use in this case."  <u>See</u> <u>Sales v. Marshall</u>, 873 F.2d 115, 120 (6th Cir. 1989) (Section 1920(2) authorizes "taxing as costs the expenses of taking, transcribing, and reproducing depositions.")  CSXT seeks to

6

recover the costs of obtaining transcripts from the following depositions:

- Geoffrey Aughenbaugh (Volume I and II) – $1089.40

- Tommy Shepard – $497.30

- John Lazuk – $249.80

- Plaintiffs Judith Ramirez and Joshua Nye – $220 (Depositions taken in <u>Nye v. Progressive Casualty Insurance Company</u>)

- Plaintiffs Judith Ramirez and Joshua Nye – $471.70 (Depositions taken in this case)

- Ronald Helmert – $160.40

- Bruce Babbitt – $223.65

- Larry Bishop – $445.80

- Robert Forney, Jr. – $304.50

- Desi Dean – $441.50

- Craig Hostetler – $98.70

- Gary Bethel – $152.60

- Michael Schaefer – $313.60

- Joseph Tupa – $105.35

- Emory Hill – $290.90

- Dale Ophardt – $312.35

- John Lemaster and Chris Dubois – $670.50

In total, defendants seek to recover $6048.05 for the duplication of deposition transcripts.

Plaintiffs specifically object to the recovery of $164 in "postage" or "shipping and handling" associated with the deposition transcripts, of $216 in duplication fees for the

plaintiffs deposition in another case, and of $407.40 in duplication fees for Mr.

Aughenbaugh's second deposition.[2]   Plaintiffs' objection to the postage and shipping and

handling costs associated with obtaining the deposition transcripts is well-taken.  Such

overhead expenses are not taxable as costs under Section 1920.  Alexander v. CIT Tech.

Fin. Servs., Inc., 222 F. Supp.2d 1087, 1092 (N.D. Ill. 2002).  Likewise, this Court agrees

with plaintiffs that CSXT is not entitled to recover the costs of obtaining a deposition

transcript of the plaintiffs from a separate, albeit apparently related, state lawsuit.

Plaintiffs' objection to the second Aughenbaugh deposition, however, lacks merit.  They

suggest that CSXT should not be able to recover the costs of duplicating this transcript

because Aughenbaugh's second deposition was held as a result of a court order which

resolved a discovery dispute between the parties.  To the extent that plaintiffs are

complaining about alleged discovery abuses by CSXT, such complaints and potential

sanctions are more appropriately considered within the confines of the federal rules

related to discovery.  In terms of allowable costs for the duplication of transcripts, the sole

question is whether the transcript was necessarily obtained for use in this case.  As

CSXT's primary claims investigator, Mr. Aughenbaugh was a critical witness in this case

and the duplication of both of his transcripts are taxable under Section 1920(2).

　　　　Plaintiffs' other objection is slightly more amorphous as they argue generally that

CSXT "has proffered no evidence on how its request for the costs of 17 depositions was

necessary for use in this case."  (Docket #150, at 6).  However, like Mr. Aughenbaugh,

---

[2] The invoices associated with both of these deposition transcripts contain postage and/or shipping and handling fees which were included in the $164 referred to above.

there can be no dispute that the transcripts of the following fact witnesses' deposition testimony was necessarily obtained for use in this case: plaintiffs Joshua Nye and Judy Ramirez, Larry Bishop (the driver of the car involved in the collision), and Bruce Babbitt and Ronald Helmert (the conductor and engineer of the train involved in the collision). Plaintiffs' primary concern appears to center on the deposition transcripts of other CSXT employees and corporate representatives which were either sparingly used by CSXT in its summary judgment filings or not used at all.  They argue that the costs of obtaining such transcripts were unnecessary and avoidable because CSXT could easily have secured such testimony through affidavits.  Such arguments are disingenuous given that plaintiffs themselves sought and noticed each of these depositions.  Moreover, such arguments seem to ignore the fact that a party need not actually use the deposition transcripts in a summary judgment motion or at trial; rather, fees for deposition transcripts are taxable if they are "reasonably necessary for the litigation" and reasonableness is assessed at the time the deposition was taken.  Sales, 873 F.2d at 120; Barber v. Ruth, 7 F.3d 636, 645 (7th Cir. 1993).  Given the numerous theories of liability advanced by the plaintiffs, which they vigorously pursued by deposing numerous CSXT employees and representatives, it was reasonably necessary for CSXT to obtain the transcripts from these individuals' depositions.

Disallowing costs associated with postage and shipping the deposition transcripts and with the duplication of plaintiffs' depositions taken in another case, this Court will tax plaintiffs for the costs of duplicating the remainder of the depositions, a total of $5668.05

9

4.      Medical Expenses

The final category of costs objected to by the plaintiffs is the $169.85 that CSXT paid to Mediconnect.net, Inc. ("Mediconnect") to locate and retrieve plaintiff Judy Ramirez's medical records.  Although courts have allowed costs associated with obtaining necessary medical records when a plaintiff has placed his or her medical condition at issue, see e.g. Mitchell v. City of San Diego Police Dept., 2005 WL 824014 (9th Cir. Apr. 11, 2005); Grider v. Kentucky & Indiana Terminal R. Co., 101 F.R.D. 311 (E.D. Ky. 1984), Wilhelm v. CSX Transp., Inc., 2005 WL 361482, at *1 (N.D. Ohio Feb. 14, 2005), CSXT has not established the necessity for obtaining plaintiff Judy Ramirez's medical records in this case.  Although certain medical records may have some bearing on damages' associated with her loss of consortium claim, CSXT has failed to make the requisite connection in its filings.  Moreover, they have failed to demonstrate that the costs were reasonably incurred.[3]  Accordingly, this Court rejects CSXT's request for the reimbursement of fees that it paid to Mediconnect.

### III. CONCLUSION

Having duly reviewed the parties' filings and applicable law, this Court grants in part and denies in part defendant's bill of costs.  Specifically, it disallows costs associated with postage and shipping of deposition transcripts, the duplication of plaintiffs' deposition transcript from another case, and Judy Ramirez's medical records. The remainder of the

---

[3] Even if the costs of obtaining Ms. Ramirez's medical records were generally recoverable in this case, CSXT would not be entitled to the $40 that it was billed for record searches at medical facilities where Ms. Ramirez was not a patient.

10

costs requested by CSXT, a total of $7370.65, are reasonable and recoverable pursuant to Section 1920.  Accordingly, plaintiffs Joshua Nye and Judy Ramirez shall forthwith pay CSXT $7370.65 for its litigation costs.


            IT IS SO ORDERED.

                                         /s/ Lesley Wells
                                        UNITED STATES DISTRICT JUDGE


Dated: 26 April 2005